**THIS OPINION HAS NO PRECEDENTIAL VALUE. IT SHOULD NOT BE CITED OR RELIED ON AS PRECEDENT IN ANY PROCEEDING EXCEPT AS PROVIDED BY RULE 268(d)(2), SCACR.**

**THE STATE OF SOUTH CAROLINA**
**In The Court of Appeals**

The State, Respondent,

v.

Thomas Harold Sailors, Jr., Appellant.

Appellate Case No. 2019-000391

Appeal From Union County
William A. McKinnon, Circuit Court Judge

Unpublished Opinion No. 2021-UP-208
Submitted May 1, 2021 – Filed June 9, 2021

**AFFIRMED**

Appellate Defender Victor R. Seeger, of Columbia, for Appellant.

Attorney General Alan McCrory Wilson and Assistant Attorney General Joshua Abraham Edwards, both of Columbia; and Solicitor Kevin Scott Brackett, of York, all for Respondent.

**PER CURIAM:** Thomas Sailors appeals his forgery conviction and four-year sentence of imprisonment. He argues the trial court erred in allowing the State to refer in its closing argument to a similar charge upon which the court previously

directed a verdict.  At trial, when the State brought up the possibility of the trial court limiting any reference to the other charge, Sailors only raised the concern that mentioning the other charge could constitute improper bolstering of the State's case.  On appeal, however, he argued the State's mention of the other charge constituted impermissible propensity evidence.  Further, although Sailors requested the trial court instruct the jury to only consider the count of forgery for which he was ultimately convicted, he did not argue the State should be prohibited from mentioning the other charge in its closing remarks.  He also did not object at any point during the jury instruction or the State's closing arguments.  Therefore, we affirm pursuant to Rule 220(b), SCACR, and the following authorities: *State v. Dunbar*, 356 S.C. 138, 142, 587 S.E.2d 691, 693 (2003) ("In order for an issue to be preserved for appellate review, it must have been raised to and ruled upon by the trial [court]."); *id.* at 142, 587 S.E.2d at 694 ("A party need not use the exact name of a legal doctrine in order to preserve it, but it must be clear that the argument has been presented on that ground."); *State v. Prioleau*, 345 S.C. 404, 411, 548 S.E.2d 213, 216 (2001) ("[A] party may not argue one ground at trial and an alternate ground on appeal.").

**AFFIRMED.**[1]

**LOCKEMY, C.J., and HUFF and HEWITT, JJ., concur.**

---

[1] We decide this case without oral argument pursuant to Rule 215, SCACR.